844 P.2d 629

**John WADE, Plaintiff/Appellant,**

v.

**GREENLEE COUNTY, et al., Defendants/Appellees.**

**No. 2 CA–CV 92–0079.**

Court of Appeals of Arizona, Division 2, Department B.

July 16, 1992.

Review Denied Feb. 2, 1993.

Rake Downey McGovern Shorall & Cohen by Thomas P. McGovern, Phoenix, for plaintiff/appellant.

Charles E. Fletcher, II, Clifton, for defendants/appellees.

## OPINION

LIVERMORE, Chief Judge.

Greenlee County, faced with declining receipts from conventional revenue sources, enacted with legislative authority a one-half cent sales tax to fund existing county programs. Referendum petitions were filed on that measure. Ultimately the trial court ruled that a tax measure could not be the subject of a referendum because Ariz. Const. art. IV, Pt. 1 § 1(3), conceded by the parties to be applicable to this county referendum, excepts from that power measures "for the support and maintenance of the departments of the State Government and State institutions." We agree with this reading of the constitution and affirm.

The essential argument on appeal is that the constitution excepts from the referendum power only appropriation measures and not tax measures. Ariz. Const. art. IV, Pt. 1 § 1(3) reads:

The second of these reserved powers is the Referendum. Under this power the Legislature, or five per centum of the qualified electors, may order the submission to the people at the polls of any measure, or item, section, or part of any measure, enacted by the Legislature, except laws immediately necessary for the preservation of the public peace, health, or safety, or *for the support and maintenance of the departments of the State Government and State institutions;* but to allow opportunity for Referendum Petitions, no Act passed by the Legislature shall be operative for ninety days after the close of the session of the Legislature enacting such measure, except such as require earlier operation to preserve the public peace, health, or safety, or *to provide appropriations for the support and maintenance of the De-*

*partments of the State and of State institutions;* Provided, that no such emergency measure shall be considered passed by the Legislature unless it shall state in a separate section why it is necessary that it shall become immediately operative, and shall be approved by the affirmative votes of two-thirds of the members elected to each House of the Legislature taken by roll call of ayes and nays, and also approved by the Governor; and should such measure be vetoed by the Governor, it shall not become a law unless it shall be approved by the votes of three-fourths of the members elected to each House of the Legislature, taken by roll call of ayes and nays.

(Emphasis added.) This text is internally inconsistent, speaking in one underlined clause about measures for the support of state government and in the other about measures to provide appropriations for the support of state government. "Support" and "appropriations" are, in common usage, distinct concepts. Appropriations are customarily thought of as bills allocating money to state departments and institutions for their operating expenses. Support is a broader term embracing both the acquisition and allocation of funds. Support cannot occur without money. Appropriations, however, are only part of support, the act of allocating independent of how the money was acquired.

We are required, therefore, to decide whether to emphasize the broader "support" or narrower "appropriations for the support" portions of the constitutional clause.[1] We choose the broader interpretation because of the purpose underlying this exception from the power of referendum. Permitting referenda on support measures would allow a small percentage of the electorate, in Arizona 5%, effectively to prevent the operation of government. See Annot., *Construction and Application of*

---

1. In *Garvey v. Trew,* 64 Ariz. 342, 170 P.2d 845 (1946), without noting the disparate clauses within § 1(3), the court assumed that only appropriation measures were excepted from referendum. In Opinion I90–068, the Attorney General concluded that only appropriations bills were excluded from referendum in large part

because the legislature had enacted tax measures with emergency clauses, unnecessary if such acts were not referrable, and because referendum petitions had been accepted for filing with respect to some tax measures. Like *Garvey,* however, the failure to recognize a constitutional ambiguity cannot be read as resolving it.

464

Constitutional or Statutory Provisions Expressly Excepting Certain Laws from Referendum, 146 A.L.R. 284, 295 (1943); Garvey v. Trew, 64 Ariz. 342, 170 P.2d 845 (1946); State ex rel. Blakeslee v. Clausen, 85 Wash. 260, 148 P. 28 (1915). Because any law is ineffective after referendum petitions are filed and until the election, five percent of the electorate could, in the case of support laws, for a period of over a year prevent what a majority would believe to be necessary government programs. That risk of abuse has led our courts to construe strictly the requirements necessary to require referral. Cottonwood Development v. Foothills Area Coalition, 134 Ariz. 46, 653 P.2d 694 (1982). It leads us to the broader interpretation of what is excluded from referendum. The functioning of government can be as effectively damaged by the inability to acquire funds as by the inability to spend them.

Three additional reasons support this interpretation. First, when article IV was proposed at the constitutional convention the word "appropriations" was used with the word "support" in both clauses of § 1(3). By the time the constitution was adopted, "appropriations" had been deleted as a modifier of "support" in the clause listing laws not subject to referendum. The removal of that word would suggest an advertent effort to broaden the concept of support. See J.S. Goff (ed.), The Records of the Arizona Constitutional Convention of 1910 at 1021 (1991). Second, the states that have a clause excepting "support" provisions, unmodified by "appropriations for," have concluded that "support is not limited to appropriation measures; if it generates revenue for the state it is deemed support." Farris v. Munro, 99 Wash.2d 326, 336, 662 P.2d 821, 827 (1983). See also State ex rel. Botkin v. Morrison, 61 S.D. 344, 249 N.W. 563 (1933). -Finally, even in some states where referenda are excluded only for laws appropriating for the support of state institutions, a law imposing both a tax and directing its use may not be the subject of referendum. See, e.g., County Road Ass'n v. Board of State Canvassers, 407 Mich. 101, 282 N.W.2d 774 (1979); Boards of County Road Commis-

sioners v. Riley, 391 Mich. 666, 218 N.W.2d 144 (1974). We see no distinction on the facts of this case where the Greenlee County Board of Supervisors at the same time created the sales tax and directed its use as part of total revenues necessary to meet the annual county budget. See generally Dorsey v. Petrott, 178 Md. 230, 13 A.2d 630 (1940).

Affirmed.

DRUKE, P.J., and HATHAWAY, J., concur.